## EASTERN DISTRICT,

## 1857.

———o———

## COUNTY OF HANCOCK.

———o———

AUGUSTUS STEVENS

*versus*

SETH K. HINCKLEY, AND HASKELL W. HINCKLEY, *Trustee.*

A transfer of real and personal property absolute in terms in consideration of a pre-existing debt and for security of the payment of other notes of the grantor upon which the grantee was liable as surety, and for other debts of the grantor which the grantee promised to pay, may be a valid transaction if not designed by the principal to defraud or delay his creditors, or if it was so designed, and the trustee afforded no aid in carrying out the intention of the principal.

The trustee in this case disclosed that he purchased and took a deed of the principal defendant, who is his brother, of his homestead and wood lot, and a bill of sale of personal property, for all which he paid him, part in his own notes which he then held, and another sum for which he had signed notes for him as his surety, and two other sums, being the amount of debts due from said defendant to other individuals which he promised to pay, and another sum due him from

said defendant on account. And that the value of the whole property conveyed to him did not, in his opinion, exceed the consideration paid. That he was induced to purchase said property to secure himself for what was due him from the defendant, and for his liabilities to others for him, upon payment of which he would readily transfer the whole property to defendant's creditors.

Upon this disclosure, CUTTING, J., presiding, adjudged the trustee discharged, to which adjudication the plaintiff excepted.

*B. W. Hinckley,* counsel for the plaintiff, argued that the facts disclosed show a fraudulent intent between the defendant and trustee, and therefore the sale was void as to creditors, and cited Gorham v. Herrick, 2 Greenl., 87; Webb v. Peel, 7 Pick., 257; Jewett v. Barnard and trustee, 6 Maine R., 381.

*T. Robinson,* counsel of trustee, cited Dearborn v. Parks, 5 Greenl., 81; Hilton v. Dinsmore, 20 Maine R., 410; Rose v. Whittier, 20 Maine R., 545.

TENNEY, C. J. The disclosure shows that the principal defendant was indebted to the supposed trustee to a considerable amount, and had procured him to become his surety on notes, which were outstanding, at the time he was about to move to the state of Iowa. The trustee wished to secure himself for his own claims, and for his liabilities, and it appears that he made the purchase of real estate and certain articles of personal property, not only in form, absolute, but so in reality, in consideration of his own claims, which were canceled, and the agreement to pay the notes, on which he was surety; and also to pay certain debts to others, who were informed thereof.

If the transfer was not designed by the principal to defraud or delay his creditors, or if it was so designed, and the trustee afforded no aid in carrying out the intention of the principal, it was a valid transaction. The consideration was actually paid to the extent of the notes of the principal to

29

the trustee, and the agreement of the latter, to become absolutely responsible to the holders of the notes on which he was surety, was, as between the parties to this agreement, a binding contract. The contract to pay Seth Johnson and John Snow, being in consideration of property received by the trustee, for that purpose, did not come within the statute of frauds. Hilton v. Dinsmore, 21 Maine R., 410. If these creditors should receive payment from their original debtor, instead of the trustee, the latter will be liable to the principal for that amount, unless he should be exonerated by some technical rule of law.

This case is distinguished from that of Gorham v. Herrick, 2 Greenl., 87, where the surety on a probate bond took an absolute conveyance of property for his security, where no breach of the bond had taken place, and where he assumed no liability in addition to that of his original suretyship.

The case of Jewett v. Barnard and trustees, was not an absolute sale of the property, but an assignment by an insolvent debtor for the benefit of his creditors. And the plaintiff therein, who resorted to the remedy by foreign attachment, was allowed to succeed, there being property in the hands of the assignees, beyond the amount of claims of the creditors, who had become parties to the assignment before the attachment. The case cited from 7 Pick., is unlike the one at bar.

The liability of the trustee must be determined by his own disclosure, as there is no other evidence in the case. From the facts disclosed, we cannot conclude that the purchase of the property by the trustee was for the purpose of aiding the principal in any fraudulent design.

*Exceptions overruled.*