Filed Feb. 1, 1889.

———————◆———————

No. 13,518.

SCOTT v. DAVIS ET AL.

FRAUDULENT CONVEYANCE.—*When Grantee Will Hold.*—A purchaser of land who pays a consideration for it will hold it as against the grantor's creditors, unless it is affirmatively shown that he participated in the grantor's fraud or had knowledge of his fraudulent intention.

SAME.—*Consideration.*—*Agreement to Support Parents.*—A conveyance is not fraudulent because the purchaser, in addition to the consideration paid in money and notes to a third person, agrees to support his father and mother during their lifetime.

SAME.—*Secret Trust.*—Such an agreement by the grantee does not constitute

a secret trust invalidating the conveyance, if it is otherwise supported by an adequate consideration, and the grantee is not guilty of fraud.

From the Montgomery Circuit Court.

*J. F. Harney,* for appellant.

*L. J. Coppage,* for appellees.

ELLIOTT, C. J.—A purchaser who buys land and pays a consideration for it will hold the land against the creditors of the vendor, unless the creditors affirmatively show that the purchaser had notice of the intention of the vendor to defraud his creditors, or that he participated in his grantor's fraud. It is not enough to show fraud on the part of the vendor, where the purchaser is not a mere volunteer, but pays a consideration for the land. To set aside the conveyance as fraudulent, much more must be shown. *Jarvis* v. *Banta,* 83 Ind. 528; *First Nat'l Bank* v. *Carter,* 89 Ind. 317; *Hogan* v. *Robinson,* 94 Ind. 138; *Pennington* v. *Flock,* 93 Ind. 378; *Seager* v. *Aughe,* 97 Ind. 285; *Plunkett* v. *Plunkett,* 114 Ind. 484.

There was in fact no evidence in this case, upon which the court was bound to act, showing a fraudulent intent on the part of the vendor, and certainly none at all tending to show that the purchaser was a participant in the fraud, or that he had guilty knowledge.

A conveyance is not fraudulent because the purchaser, in addition to the consideration paid in money and notes to third person, agrees to support his father and mother during their lifetime; nor does such an agreement constitute a secret trust invalidating the conveyance, in cases where it is otherwise supported by an adequate consideration, and the grantee is not guilty of fraud.

Judgment affirmed.

Filed Feb. 1, 1889.