. Torrey Cedar Co. vs. Eul and others.

TORREY CEDAR COMPANY, Appellant, vs. EUL and others, Respondents.

*March 19 — April 7, 1897.*

*Fraudulent conveyances.*

A conveyance by a father to his children of all his land, including his homestead, the whole of which is heavily incumbered by mortgage, they paying a full and adequate consideration for his equity of redemption therein, is not rendered fraudulent as to creditors of the father by the fact that they also agreed to support him during life.

Torrey Cedar Co. vs. Eul and others.

APPEAL from a judgment of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

This is a creditors' suit. The plaintiff was a judgment creditor of the defendant *Theodore Eul, Sr.*, by judgment for $2,637.72, rendered and docketed December 14, 1891, on which execution had been returned unsatisfied. November 12, 1889, and after the incurring of the indebtedness on which said judgment was rendered, the defendant *Eul, Sr.*, who was then sixty years of age, conveyed to his son and daughter (*Theodore, Jr.*, and *Grace*), in common, 220 acres of land, which he had owned for a number of years, in Shawano county, forty acres of which was his homestead. The son and daughter were, respectively, twenty-nine and twenty years of age, unmarried, and living with their father on the premises; the son working the farm, and the daughter keeping the house. Evidence showed that the homestead was worth about $2,500, and the balance of the land $2,000, and that there was a mortgage on the entire property of $1,500. *Eul, Sr.*, had recently married a young wife, who was not living with him. He was, in fact, insolvent and unable to pay his debts. The defendants' evidence tended to show that *Eul, Sr.*, then owed his son nearly $1,500, and his daughter about $500, for their work during a series of years, and that they desired their pay, and that it was arranged that $200 cash additional should be borrowed, and the amount added to the $1,500 mortgage. This sum was to be paid to the wife, and she was to release her dower in the whole premises, and then the entire premises were to be deeded to the son and daughter, who were to cancel their claims against their father, assume to pay the $1,700 mortgage, and also furnish the father certain cash and certain specified articles of provisions, etc., annually, for support during his life. This arrangement was carried out, and the conveyance executed, and also a contract of support, secured by a mortgage on the premises, running

from the children to their father. This transaction is attacked as fraudulent as to creditors.

The court found that the conveyance was made in good faith, and not fraudulently; that the debts claimed to be due the son and daughter were valid debts to the amount claimed; and that the contracts for support did not render the conveyance invalid; and dismissed the complaint. From this judgment the plaintiff appealed.

*E. J. Goodrick*, for the appellant, argued, *inter alia*, that a conveyance by a person who is largely indebted, to his children, raises a strong suspicion of fraud, and casts upon the grantees the burden of proving actual consideration and good faith in the transaction. *Plummer v. Rummel*, 26 Neb. 142; *Reynolds' Adm'rs v. Gawthrop's Heirs*, 37 W. Va. 3; *Jones v. Simpson*, 116 U. S. 609; *Starin v. Kelly*, 88 N. Y. 421; *Spence v. Smith*, 34 W. Va. 697; *Hoboken Bank v. Beckman*, 36 N. J. Eq. 83.

For the respondents there was a brief by *M. J. Wallrich*, attorney, and *Greene, Vroman & Fairchild*, of counsel, and oral argument by *B. L. Parker*.

WINSLOW, J. The findings of fact cannot be disturbed, because they are supported by sufficient evidence. The transfer of the homestead cannot be attacked, because it was exempt. The $1,700 mortgage was practically a first lien on the 180 acres of land outside of the homestead, because that must first be sold in case of foreclosure. *Rozek v. Redzinski*, 87 Wis. 525. There was left, therefore, an equity of redemption amounting to $300 in the non-exempt land, which the appellant could reach in case the conveyance was fraudulent. The court below was of opinion that the children paid a full and adequate consideration for this equity of redemption, and that the fact that the children also agreed to support their father in consideration of the transfer of the exempt homestead and this small and problematical

·equity of redemption did not render the conveyance void· as to creditors.    In this conclusion we agree.

*By the Court.*— Judgment affirmed.