In Equity.

### First National Bank of Auburn

*vs.*

Harry Manser, Trustee, et als.

Androscoggin.     Opinion March 6, 1908.

*Contracts. Construction.*

It is a well settled and familiar rule of construction that a contract cannot be varied by parol evidence when its terms are clear, unambiguous and complete.

It is also a well settled rule when a contract is ambiguous or incomplete, parol evidence may be admitted for the purpose only of correcting the ambiguity or supplying the deficiency.

In the case at bar, a bill of sale dated November 10, 1899, for $3000 was given by White & Son to one Boothby " as security for his liability upon certain notes " indorsed by said Boothby for said White & Son, but did not state the amount of the notes to secure which it was given. The property included in the bill of sale was described as follows: "All the sawed lumber now in and around our mill in said Leeds and all lumber piled in our yard adjacent thereto together with all sawed or unsawed lumber in and around our said mill or in Dead River or Androscoggin Lake at any and all times until the said sum is paid to the said Boothby." After taking the bill of sale, said Boothby indorsed promissory notes signed and discounted by said White & Son at the plaintiff bank, of the face value of $4330.05, and also notes similarly signed and indorsed were discounted at the Livermore Falls Trust & Banking Company, of the face value of $1190. On the 18th day of December, 1902, said Boothby with the consent of said White & Son took possession under his bill of sale of a certain quantity of lumber in and about the mill of said White & Son, and also with their consent appointed one Lothrop as agent to sell said lumber for the benefit of the holders of the notes indorsed by him. Said Lothrop, it was alleged, thereupon proceeded to convert the 'umber into money and held the proceeds thereof. April 18, 1903, said White & Son were adjudicated bankrupts, and the defendant Manser was duly appointed and qualified as trustee, and thereafter as trustee aforesaid began an action against the plaintiff bank to recover for the value of certain lumber alleged to have been taken possession of by said Boothby under the bill of sale, and also began an action against said Lothrop to recover the proceeds from the sale of lumber made by him. It was admitted that the amount of promissory

notes of said White & Son indorsed by said Boothby and outstanding at the date of the bill of sale, was $1100, and that all these notes had been fully paid, and all the property described in the bill of sale disposed of before Dec. 18, 1902. The plaintiff bank prayed, among other things, that the bill of sale be adjudged and decreed to be a valid mortgage upon the lumber taken possession of by said Boothby on December 18, 1902, and also that the plaintiff and the Livermore Falls Trust & Banking Company be subrogated to the rights of said Boothby in the security understood to be effected by the bill of sale.

*Held:* (1) That it was unnecessary to decide whether the terms of the bill of sale were sufficient to cover future acquired property. (2) That the bill of sale did not cover future liability for indorsements by Boothby. (3) That the bill of sale must be adjudged and decreed to be invalid and of no force and effect and did not create any lien upon the lumber of White & Son taken possession of by Boothby on the 18th day of December, 1902. (4) That on the date of the plaintiff's bill Boothby had no rights under the bill of sale to which the plaintiff and the Livermore Falls Trust & Banking Co. could be subrogated. (5) That Lothrop had no right or authority to take possession of and convert into money the lumber belonging to White & Son.

In equity. On report. Bill dismissed.

Bill in equity brought by the plaintiff bank against Harry Manser, trustee in bankruptcy of the partnership estate of Charles D. White and Howard C. White, late copartners in business as C. D. White & Son, Thomas H. Boothby, Ralph K. Lothrop and the Livermore Falls Trust & Banking Company. The bill was taken pro confesso as to Thomas H. Boothby, and the Livermore Falls Trust & Banking Company. The other defendants answered. The Livermore Falls Trust & Banking Company was requested to join in the bill as a party plaintiff but not consenting was joined as a party defendant. The gist of so much of the bill as is material to the issues raised, is stated in the opinion.

Heard on bill, answers and proof before a Justice of the Supreme Judicial Court sitting as a court in equity. At the conclusion of the hearing, and by agreement of the parties, the case was reported to the Law Court for decision upon so much of the evidence as was legally admissible.

The case sufficiently appears in the opinion.

*John A. Morrill*, for plaintiff.

*Harry Manser and F. A. Morey*, for defendant Manser.

*Newell & Skelton*, for defendant Lothrop.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

SPEAR, J. This is a bill in equity involving the construction of the following written instrument.

"Know all men by these presents.

"That we, Charles D. White and Howard C. White of Leeds, County of Androscoggin and State of Maine copartners under the firm name of C. D. White and Son in consideration of three Thousand (3000) Dollars paid by Thomas H. Boothby of said Leeds the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer and deliver, unto the said Thomas H. Boothby the following goods and chattels, namely: All the sawed lumber now in and around our mill in said Leeds and all lumber piled in our yard adjacent thereto together with all sawed or unsawed lumber in and around our said mill or in Dead River or Androscoggin Lake at any and all times until the said sum is paid to the said Boothby.

"Provided nevertheless that this lumber as above specified is sold and held by the said Boothby as security for his liability upon certain notes and that said lumber may be sold to pay said notes and in event of the payment of same and a release from said Boothby that all or any part of said lumber shall revert to and become the property of the said Charles D. White & Son.

"To have and to hold all and singular the said goods and chattels to the said Thomas H. Boothby, and his executors, administrators and assigns, to their own use and behoof forever.

"And we hereby covenant with the said Thomas H. Boothby that we are the lawful owner of the said goods and chattels; that they are free from all incumbrances that we have good right to sell the same as aforesaid; and that we will warrant and defend the same unto him the said Thomas H. Boothby, his heirs, executors, administrators, or assigns, against the lawful claims and demands of all persons."

The plaintiff bank in its bill in equity alleges that after taking said bill of sale said Boothby endorsed promissory notes signed and discounted by White & Son at the plaintiff bank of the face value

of $4330.05; that notes similarly signed and endorsed were discounted at the Livermore Falls Trust & Banking Company of the face value of $1190; that in 1902 said Boothby with the consent of White & Son took possession under his bill of sale of certain lumber in and about the mill of said White & Son; and with their consent appointed Ralph K. Lothrop as agent to sell said lumber to the best advantage for the benefit of the holders of the notes endorsed by him; that said Lothrop thereupon proceeded to convert said lumber into money and now holds the proceeds thereof; that on the 18th day of April, 1903, the said partnership of C. D. White & Son, and the individual members thereof, were adjudicated bankrupts under the laws of the United States and that Harry Manser of Auburn, one of the defendants, was appointed and qualified as trustee in bankruptcy of said estates; that on the 18th day of August, 1906, said Manser as said trustee began an action against the plaintiff bank to recover the sum of $3312.61 for the value of certain lumber alleged to have been taken possession of by said Boothby under said bill of sale; that on the 29th day of August, 1906, said Manser as trustee also brought an action against said Lothrop to recover the proceeds held by said Lothrop from the sale of said lumber above described.

Under these allegations the plaintiff prays that said bill of sale dated November 10, 1899, may be adjudged and decreed to be a valid mortgage upon the property so taken possession of by said Boothby on the 18th day of December, 1902, and that the plaintiff and said Livermore Falls Trust & Banking Co. may be subrogated to the rights of said Boothby in the security understood to be affected by said mortgage. The other requests are not essential to the decision of the case.

It is admitted that the amount of promissory notes of White & Son endorsed by Boothby, and outstanding at the date of the bill of sale, was $1100, and that all these notes had been fully paid, and all the property described in the bill of sale disposed of, before December 18, 1902.

Under this state of facts the plaintiff contends that the bill of sale should be regarded as a mortgage and construed to extend a

lien to after acquired property, and security to after acquired liability of Boothby by endorsement. The instrument will not bear this construction. Whether its terms are sufficient to cover future acquired property, it is unnecessary to decide, as it is very clear that they do not cover future liability for endorsements. The rule of construction that a contract, when its terms are clear, unambiguous and complete, cannot be varied by parol is too familiar to require citation. Another rule, that when a contract is ambiguous or incomplete, parol evidence may be admitted for the purpose only of correcting the ambiguity or supplying the deficiency, is equally well settled.

The second paragraph in the contract is specific and unambiguous, but incomplete in omitting to state the amount of the notes to secure which the bill of sale of lumber was given. If we supply the words in italics to indicate the amount of the notes, then this paragraph will read as follows: "Provided nevertheless that this lumber as above specified is sold and held by said Boothby as security for his liability upon certain notes, *amounting to $1100*, and that said lumber may be sold to pay said notes and in the event of payment of the same and a release from said Boothby that all or any part of said lumber shall revert to and become the property of said Charles D. White & Son." Reading into the contract the words "amounting to $1100" makes it complete. Now, it is evident, construing the contract in its complete form, that no interpretation can be invoked that makes this paragraph more lucid or specific than the language itself imports. In other words, it must be held to mean just what it says, that the lumber covered by the bill of sale should be held by Boothby as security for endorsement of notes to the amount of $1100 and no more, the amount of the endorsed notes outstanding at the date thereof.

It further provides for what, in the absence of any provision, the law would imply "that in the event of payment the same (notes) and a release from said Boothby that all or any part of said lumber shall revert to and become the property of the said Charles D. White & Son." This language needs no interpretation. When the notes amounting to $1100, endorsed by Boothby, were paid, all his

rights under the bill of sale ceased and all the lumber was released, and, by operation of law, independent of any agreement, reverted to the original owners. The latter part of this paragraph was simply confirmatory of the legal rights of the parties.

Our conclusion is that the instrument described and set forth in the plaintiff's bill, dated November 10, 1899, must be adjudged and decreed to be invalid and of no force and effect, and to create no lien upon any of the property of the said C. D. White & Son; that on the 18th day of December, 1902, the date when said Boothby is alleged to have taken possession of certain lumber of C. D. White & Son, with their consent by virtue of the authority conferred upon him by said bill of sale, said Boothby had no lien upon any of the lumber so alleged to have been taken, or right to possession thereof; that at the date of the plaintiff's bill he had no rights under the alleged bill of sale to which the plaintiff and the Livermore Falls Trust & Banking Company could be subrogated; and that said Ralph K. Lothrop had no lawful right or authority to take possession of, and convert into money, lumber and other property of said C. D. White & Son, as he is alleged to have done in the plaintiff's bill.

*Bill dismissed with costs to the defendant*
*Manser only.*