W. O. Seavey

*vs.*

Granville J. Seavey and Harriet E. Seavey, Trustee.

Lincoln.   Opinion September 7, 1915.

*Consideration.   Creditors.   Disclosure.   Gift.   Husband and Wife.
Preference.   R. S., Chap. 88, Sect. 63.   Trustee Process.
Voluntary Transfer.*

1. A voluntary transfer or gift by a husband to a wife is prima facie fraudulent as to existing creditors.

2. When a transfer or conveyance is made without consideration, it is immaterial whether the grantee or donee is conversant of the fraud as to existing creditors.

3. When a transfer or conveyance is made for a valuable and adequate consideration it is valid as against existing creditors, unless there is a frudulent intention on the part of the transferree.

4. It is not a fraud at common law for an insolvent debtor to pay one creditor for the purpose of giving him a preference over others; nor to pay a debt barred by the statute of limitations.

5. When one summoned as a trustee of another attempts to account for money received from the defendant by saying it was received in payment of indebtedness, he is bound to make a full, direct and explicit disclosure of the character and amount of the claimed indebtedness; otherwise he should be charged as trustee. Doubtful, indefinite and sweeping statements will not supply the omission of details and particulars.

6. The disclosure in this case does not satisfactorily show that the relation of creditor and debtor existed between her and her husband, the defendant; nor the amount of the valid indebtedness, if any existed.

On report.   Trustee charged for $770.

This is a trustee process and is reported to the Law Court to determine the trustee's liability.

The case is stated in the opinion.

*John W. Brackett,* for plaintiff.

*C. R. Tupper,* for defendant and trustee.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J. Trustee process. The case comes before this court on report, to determine the trustee's liability. The defendant and trustee are husband and wife. The original disclosure is not made a part of the record, but from the nature of the trustee's testimony we assume that it was a general denial. The plaintiff alleged in substance that in March, 1914, the defendant gave to the trustee seven hundred and seventy dollars, and that the transfer was without consideration, and voluntary, and therefore, fraudulent and void as to existing creditors, of whom the plaintiff was one. Upon these allegations the trustee was examined.

It is admitted that in March, 1914, the defendant received by way of inheritance a check for the sum of seven hundred and seventy dollars which he immediately delivered to his wife, that then he had no other property, and was owing the plaintiff the amount sued for in this action. The trustee claims that her husband was indebted to her, and that the check was transferred to her by him in part payment of the indebtedness. And the issue to be determined is whether the transfer was in payment of a debt, or merely voluntary, without consideration. If it was in payment of bona fide indebtedness, and without intent on her part to hinder, delay or defraud other creditors, she cannot be charged as trustee. But if the transfer was voluntary, it was fraudulent and void as to creditors, and she is chargeable under the statute which provides that "if an alleged trustee has in his possession goods, effects or credits of the principal defendant, which he holds under a conveyance fraudulent and void as to the defendant's creditors, he may be adjudged a trustee on account thereof, although the principal defendant could not have maintained an action against him." R. S. chap. 88, sect. 63.

A voluntary transfer or gift by a husband to a wife is prima facie fraudulent, if at the time he be indebted. *French* v. *Holmes,* 67 Maine, 186; *Stevens* v. *Robinson,* 72 Maine, 381. And, of course, the probative force of the presumption is of the strongest, when the transfer or gift embraces all the property of which the husband is possessed. But the trustee here urges that the presumption does not arise when the donee is innocent of any fraudulent intent, which is claimed to be the fact in this case. But that is not the law. When

a conveyance or transfer is made without consideration, it is immaterial whether the grantee or donee is conversant of the fraud. *Knox* v. *Silloway,* 10 Maine, 201 ; *Call* v. *Perkins,* 65 Maine, 439; *Robinson* v. *Clark,* 76 Maine, 493 ; *Spear* v. *Spear,* 97 Maine, 498. It is prima facie fraudulent as to existing creditors. On the other hand, if it is made for a valuable and adequate consideration, it is valid unless there is a fraudulent intent on the part of the transferee. *Spear* v. *Spear,* supra. Such are the cases of *Stevens* v. *Hinckley,* 43 Maine, 440, and *Blodgett* v. *Chaplin,* 48 Maine, 322, the latter of which is relied upon by the trustee in this case. These general rules are applicable in all cases where transfers are claimed to be fraudulent as to creditors, whether they are attacked by trustee process, bill in equity or otherwise. It should be said, also, as applicable to this case, that it is not fraudulent, within the meaning of the statute, for an insolvent debtor to pay one creditor for the purpose of giving him a preference over others. *Hanscom* v. *Buffum,* 66 Maine, 247. Nor is the payment of a debt barred by the statute of limitations fraudulent and void as to other creditors, at common law.

But when one summoned as trustee attempts to account for money, admittedly received from the defendant, as a payment on account of indebtedness, we think he is bound, if inquired of on examination, to make a full, direct and explicit disclosure of the character and amount of the claimed indebtedness, in order that the court may be able to judge whether the relation of debtor and creditor actually existed, and, if so, the extent of the indebtedness. Doubtful, indefinite and sweeping statements do not satisfactorily supply the omission of details and particulars. *Dexter* v. *Field.* 32 Maine, 174 ; *Barker* v. *Osborne,* 71 Maine, 67; *Thompson* v. *Reed,* 77 Maine, 425; *Haynes* v. *Thompson,* 80 Maine, 125; *Thompson* v. *Dyer,* 100 Maine, 421.

In her examination, the trustee in this case testified that she and the defendant had been married about forty years, that she has always kept a boarding house, and that he was in the sail making business, until he retired about twenty or twenty-five years ago, when it is admitted what propery he had was divided among his creditors, not including his wife. She seems to have been prosperous. She paid for and owns their home. She says she paid all the house expenses, and never received a dollar nor a dress from him.

She says that while her husband was in business, she "loaned" him small sums from time to time when he was "in hard places." The first loan was soon after they were married. The last one, and the only one since he retired from business, was in 1907. She took no receipts. She kept no books. She took no notes. She kept the account "only in her mind." With two exceptions, she says she is unable to specify any particular amount for any particular purpose, at any particular time. But she says the amount of the loans "interest and all would be anywhere between two and three thousand dollars." She further says that as she never had received payment from him, she never expected any payment. She does not even claim that when she received the check in question from him, anything was said about it being a payment on account of what he owed her She says: "He had it indorsed and passed it over to me and I was very pleased to get it. I never asked him for it. I never suggested it to him."

Under the circumstances disclosed, it is very difficult to believe that this husband and wife understood that these advances of money by her to him were such loans as created the relation of debtor and creditor between them. But even if they were, her indefinite and sweeping statements afford no satisfactory basis on which to calculate amounts. She says, indeed, that "interest and all it would be between two and three thousand dollars." The margin in her statement indicates a certain degree of shadowiness in her claim. But however that may be, she does not claim any express promise to pay interest, and we think that under the conditions an obligation to pay interest is not to be implied. She says she cannot tell how much of the "between two and three thousand dollars" is principal and how much is interest. At the most she can hold only so much as equalled the debt, that is, the principal, and that amount is not disclosed. Any balance in the trustee's hands which she had over and above the amount the defendant owed her would be held by her without consideration, attachable by prior creditors. *Barker v. Osborne,* supra, and cases cited. The only "loans" concerning which the trustee discloses with any definiteness is one for $75, and one for $100. But even as to these we feel constrained to hold that the trustee has not sustained the burden of showing that they were valid obligations of the defendant, to the payment of which she

could apply the money received by her from him, to the prejudice of his creditors.

*Trustee charged for $770.*