MICHEL MICHAUD *vs.* MAXIME MICHAUD.

Aroostook.     Opinion September 17, 1930.

*Arthur J. Nadeau,*
*Herbert T. Powers,* for plaintiff.
*Cyrus F. Small,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ. PHILBROOK, A. R. J.

STURGIS, J. General Motion for a new trial in a Real Action to recover possession of seven parcels of land in St. Agatha in Aroostook County.

October 26, 1925, Joseph Michaud conveyed his equity in his farm in St. Agatha to his son, the defendant. He took back a mortgage with this defeasance clause:

"Provided, Nevertheless That if I the said Grantor Maxime Michaud, my heirs, executors, or administrators shall keep in a suitable room of his dwelling house, feed and clothes in a substantial and reasonable manner the said Joseph Michaud during the remainder of his natural life, shall also give him the use of a horse, harness, pung or wagon at any time when needed, shall also give him the sum of fifty ($50.00) dollars in cash each and every year in the month of December, shall also after three years from the date hereof give a deed and convey for the sum of one dollar lot of land No. 108 as above described to Joseph Michaud Jr. his brother and to his other brother Onesime Michaud lot No. one hundred ten (110). Shall also keep, feed and clothes his brother Lionel Michaud and his sister Eva Michaud and Ozithe Michaud until they shall be twenty one years old and graduated from St. Agatha high school. Then this deed shall be void and otherwise shall remain in full force."

When the deed and mortgage were given, Joseph Michaud was indebted to the demandant under a crop mortgage for fertilizer sold and delivered to him the previous spring. The crop so mortgaged, having been seized by a senior mortgagee, the demandant

began action upon his account November 11, 1925, made an attachment the next day, and eventually recovered judgment for $2,580.50 with costs taxed at $42.33. The seven parcels of land here in controversy were sold to the demandant at sheriff's sale October 26, 1925, and he claims title under his sheriff's deeds.

It is well settled that, where the title to real estate was once in the debtor but has been conveyed by him for the purpose of defrauding his creditors, an attachment may be made and the property subsequently seized and sold upon execution, as if no such conveyance had been made, the conveyance being regarded as void as to the creditor. After title has been acquired by the levying creditor, he may maintain a real action to recover possession of the premises or he may resort to equity to have the apparent cloud upon his title removed. *Fletcher* v. *Tuttle*, 97 Me., 491; *Merithew* v. *Ellis*, 116 Me., 468. The right to make a levy upon premises thus fraudulently conveyed is expressly given by statute. R. S., Chap. 81, Sec. 14.

It is also a familiar principle that a conveyance of a debtor's entire property in consideration of his own future support or that of members of his family is purely voluntary and *prima facie* voidable as a fraud upon existing creditors. *Merithew* v. *Ellis*, supra; *Spear* v. *Spear*, 97 Me., 498; *Egery* v. *Johnson*, 70 Me., 258; *Graves* v. *Blondell*, 70 Me., 190; 12 R. C. L., 543.

If, then, the consideration given by this defendant for the conveyance here attacked was only that stated in the mortgage which he gave back, it not appearing that the grantor retained sufficient property to pay his debts, the conveyance, in law, must be held voluntary and invalid as to this defendant.

The claim of the defendant is, however, that the conveyance was made to him pursuant to an agreement made with his father twelve years before, under which he had stayed at home and worked on the farm. He and his father testify that, when the defendant was about to be married, the father agreed that, if the son would stay on the farm and operate it, and, with his wife, maintain a home for the family, he should have a deed to the farm subject to the support of the father and certain of the younger children during their minority. The defendant says that, in reliance upon his father's promise, he stayed at home, brought his wife there to maintain the

house, worked upon the farm and supported and clothed some of his younger brothers and sisters. His only compensation was the support of himself and family. He asserts that he repeatedly asked for a deed but his father refused or neglected to give one until the instrument of October 26, 1925, was executed. He urges that his father's conveyance to him was in payment of his prior services and disbursements as well as in consideration of his promise of support made verbally long before and renewed in writing in his mortgage back.

So far as the evidence discloses, the value of the farm at the time it was conveyed to the defendant approximated $10,000. There were outstanding mortgages upon it to the amount of $6,000. Assuming that the jury found that the defendant, in reliance upon his agreement with his father, worked on the farm without wages for twelve years and fed and clothed his younger brothers and sisters as he claims, at the standard wage in that section, they were warranted in finding that, when the defendant received his deed, the value of his services equaled the value of the equity conveyed and, supplemented by his disbursements for the children, exceeded it. His promise of future support of his father and the children, together with his promise of reconveyance of lots No. 108 and 110 set forth in the defeasance clause of his mortgage back, may have been properly looked upon as considerations for the conveyance in addition to a full and adequate consideration already paid.

If the jury found that the contract set up by the defendant was made and, in reliance thereon, he rendered services as and to the value claimed, at the time of the conveyance, the defendant himself had a valid claim against his father and was as much a creditor as the plaintiff. If the delivery of the deed had been denied him, he could have recovered the reasonable value of his services and disbursements in an action of indebitatus assumpsit. *Horne* v. *Richards*, 113 Me., 210; *Poland* v. *Brick Co.*, 100 Me., 133. In so far as the conveyance was a payment for the father's indebtedness to his son for services previously rendered, the transaction in itself is not fraudulent as a matter of law. In the absence of a statute to the contrary a debtor may pay one creditor for the purpose of

giving him a preference over others even though the debt in part or entirety is barred by the statute of limitations. *Seavey* v. *Seavey*, 114 Me., 14 ; *Hanscom* v. *Buffum*, 66 Me., 247.

It is urged, however, that, in as much as the agreement of the defendant to support his father and members of his family was a part of the consideration for giving the deed in controversy, the conveyance must be treated as a nullity as to attaching creditors. The rule supported by the weight of authority seems to be that, if an agreement for support represents a substantial part of the consideration, the conveyance may be avoided. But, where the grantee pays a full and adequate consideration for a conveyance, the fact that he also agrees to support the grantor does not render the transaction invalid.

In the early case of *Sidensparker* v. *Sidensparker*, 52 Me., 481, an instruction that a conveyance, in part upon the consideration of a promise to support the grantor, invalidated the transaction was sustained. And, while the Court there says that "instead of entering upon the task of determining what part of the consideration was paid in money or other property and what part was agreed to be paid in future support of the grantor and of holding the grantee responsible to the grantor's creditors for the latter sum, the law treats the conveyance as a nullity as between the grantee and the grantor's creditors and holds the property liable for their claims" it adds the pertinent observation that "it is unnecessary for us to determine what the rule of law would be if the money consideration alone had been adequate."

In *Egery* v. *Johnson*, 70 Me., 258, the plaintiff's debtor conveyed all his property to one of the defendants in consideration of the payment of debts of the grantor amounting to $250.00 and in addition thereto an agreement for support. The value of the property exceeded $1,000.00 and the Court applies the rule in these words : "It is immaterial that the consideration comprises a present sum of money paid in addition to the agreement for support provided the money alone were palpably inadequate."

In *Morrison* v. *Morrison*, 49 N. H., 69, a conveyance of property worth about $3,000.00 in consideration of the payment of obligations amounting to about $2,000.00 and the future support

of the grantor was held void on the ground that the support of the grantor was a "substantial part" of the consideration.

But in *Scott* v. *Davis*, 117 Ind., 232, it was said, "A conveyance is not fraudulent because the purchaser, in addition to the consideration paid in money and notes to a third person, agrees to support his father and mother during their lifetime; nor does such an agreement constitute a secret trust invalidating the conveyance in cases where it is otherwise supported by an adequate consideration and the grantee is not guilty of fraud."

In *Slater* v. *Dudley*, 18 Pickering (Mass.), 373, a conveyance from a father to a son with an agreement to support is sustained upon the ground that the full value was paid for the property regardless of the obligation to support.

In *Albee* v. *Webster*, 16 N. H., 362, it is held that, if a full consideration is paid by the grantee in addition to an agreement to support the grantor or members of his family, the inclusion of the latter obligation will not avoid the conveyance.

In *Cedar Co.* v. *Eul*, 95 Wis., 615, a conveyance by a father to his son and daughter for a consideration in the form of his indebtedness to them for services and an agreement for his support was sustained as against creditors upon the ground the children had paid a full and adequate consideration for the equity regardless of their agreement for support.

The distinction between the rights of creditors in case of a conveyance where an agreement for support of the grantor is the "substantial consideration" and where it is additional to another adequate consideration is pointed out and decisions reviewed in the extended note in 2 A. L. R., 144, et seq.

One other question only remains to be considered. The demandant contends that the conveyance of lots No. 108 and 110 to the defendant to be reconveyed to his younger brothers was not within the terms of the original agreement and was without consideration both as to the defendant and his brothers. He asserts that, in any event, his title to these lots is superior to that of the defendant.

The evidence supporting the original agreement shows that it was informal. It is not clear that the property to be conveyed to the defendant was then described or discussed in detail. It is fairly

to be inferred, however, that it was intended that all of the lands of Joseph Michaud were to be conveyed to his son, and the jury were warranted in so finding. Upon the theory advanced by the defendant, however, that the conveyance, when made, was in payment of the grantor's debts to his son for services rendered and disbursements made, as well as upon an additional consideration of an agreement for support and a promise to reconvey lots No. 108 and 110, the importance of the inclusion of these lots in the original agreement disappears. If the lots were also conveyed in payment of the grantor's debt and the property including them did not exceed it, the estate in them received by the grantee can not be avoided by the limitations of the original agreement or the fact that a promise to later reconvey them was added at the time of the conveyance. If the demandant has a better title to these lots than the younger brothers before or after a reconveyance from the defendant, he must establish it in another action. We are here concerned only with the superiority of his title over that of the defendant.

Upon the questions raised upon this Motion, the defendant must prevail and the verdict below be sustained.

*Motion overruled.*