ALEXANDER F. REID, JR., PLAINTIFF, v. NORTH PARK AND DODD TRUST COMPANY, DEFENDANT.

Decided March 31, 1932.

For the plaintiff, *Alexander F. Reid, Jr., pro se.*

For the defendant, *William H. Osborne* and *Rudolph A. Huebner.*

PORTER, S. C. C. The trial of this case resulted in a verdict by a jury in favor of the plaintiff of $12,500. This motion is for a new trial on the ground of newly discovered evidence.

The plaintiff is an attorney-at-law. He performed certain services in connection with the organizing and establishing of the defendant bank corporation under the laws of this state. His suit is to recover the value of his services and certain expenses incurred by him.

The matter was referred by this court to Supreme Court Commissioner Van Blarcom who heard testimony and reported in favor of the plaintiff and found him entitled to the sum of $2,900.56. The defendant appealed from this finding.

The case came on for trial before Judge Smith who declared a mistrial after hearing some of the plaintiff's testimony.

At the trial before me it developed that the plaintiff did perform services over a considerable period of time in organizing and establishing the bank; that he encountered difficulty in obtaining a charter and a certificate to do business from the commissioner of banking and insurance; that with the approval of his associates he engaged other counsel to assist in the matter, and paid him a fee for his services of $10,000. Later on, the necessary certificate not having been received from the commissioner of banking and insurance, *mandamus* proceedings were instituted to compel the said commissioner to issue the certificate. This certificate was finally obtained and the defendant commenced, and has continued since, to do business. It further developed that no bill for services or expenses was rendered by the plaintiff to the defendant until after this certificate was obtained and the bank had commenced to do business and a disagreement had arisen between the plaintiff and his associates. The bill was not paid.

The defendant says that no agreement was ever made to pay for any of plaintiff's services but that, on the contrary, it was understood that he was rendering the services in consideration of being retained by the defendant as counsel. Moreover, the defendant says that the plaintiff was in fact reimbursed out of a fund raised from the sale of certain stock of the defendant bank. It is not disputed that two thousand five hundred shares of said stock were sold at $45 per share, there being a premium of $5 on each share, and that this premium fund amounted to the sum of $12,500. The disposition of this fund is very important. It is perhaps the most disputed fact in the case, and on its solution largely rests a proper decision on the issues in the suit.

This block of stock was sold by one Franklin G. MacPherson, a broker in securities, under an arrangement made with him by the plaintiff. The plaintiff says that this $12,500 was retained by MacPherson for his services and that he, the plaintiff, received no part of it. The defendant on the other hand, by several witnesses, says that this stock was sold at a premium of $5 a share under a plan evolved by the plaintiff for the sole purpose of raising a fund with which to pay the $10,000 counsel fee above mentioned and to reimburse the plaintiff for his expenses in connection with the organization of the bank, and that in fact the money was turned over to the plaintiff by MacPherson and used by the plaintiff for the said purposes. It is on this phase of the matter that the newly discovered evidence bears.

MacPherson was not a witness at the trial. The case was thoroughly tried. Presumably every bit of evidence available was presented, the trial lasting four days. The plaintiff testified unequivocally and in considerable detail with respect to this matter, and introduced other testimony as to the disposition of that fund, denying receiving any part of it. As against that testimony, several of plaintiff's former associates testified that the plaintiff did the actual work in connection with the sale of that stock and only used MacPherson as a figurehead, MacPherson lending the use of his name as an accommodation only, and that the plaintiff did actually re-

ceive the $12,500 for the aforesaid purposes. They based their testimony to this effect on statements which they said the plaintiff made to them at the time of the transaction.

A few days afer the trial the defendant procured an affidavit from MacPherson corroborating the defendant's version as to the disposition of this fund in every essential respect. The basis of the application for a new trial is this evidence now possessed by the defendant. It contends that this is newly discovered evidence, that reasonable diligence could not have obtained it before the trial, and that it goes to the merits of the case and is not cumulative to evidence already given.

Even assuming that this argument is sound under the facts in this case, there still remains another important element to be considered; that is the question of the effect on the issues that this evidence would have if given at a new trial. The rule is that the newly discovered evidence should "be so persuasive as to scarcely leave it debatable that the verdict is wrong." *Miller* v. *Ross,* 43 *N. J. L.* 552. The court must be satisfied that the evidence is credible. *Tovey* v. *Public Service Railway Co.,* 95 *Atl. Rep.* 265.

MacPherson's testimony is neither persuasive nor credible, in my opinion. In the *mandamus* proceedings before Supreme Court Commissioner Jehiel G. Shipman, MacPherson testified under oath with precision and in detail under careful cross-examination on this very point directly contrary to the affidavit now before me. The discrepancy in his two statements, both under oath, is not with respect to unimportant details but is directly on this major important question. There can be no question, therefore, of confusion or mistake on his part, and I cannot escape the conviction that either his testimony or his affidavit is willful, deliberate perjury.

A new trial cannot be granted on any such basis.