JOSEPH FEDEROVITCH, PETITIONER-PROSECUTOR, v. THE PANTASOTE LEATHER CO., DEFENDANT.

Submitted October 13, 1939—Decided November 22, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *David Cohn.*

For the defendant, *Kellogg & Chance* (*R. Robinson Chance*).

BODINE, J. The prosecutor filed a petition for compensation in the bureau. He testified that on March 13th, 1936, while at work he slipped on a wet floor wrenching his back and causing the injuries for which compensation was sought. The question was whether the employer had received timely knowledge of this accident. A foreman, Collins Allen, testified that he knew of it within the statutory period and then that he did not. The referee found that five witnesses of credit, including Referee Mobius, were clear that no knowledge of the accident was received by the employer until August, and so the injured workman had stated to them. The bureau found against the claimant, because the statutory notice was not given and there was no timely knowledge by the employer of the occurrence.

Allen was indicted for perjury, and entered a plea of *non vult* to the crime committed at the hearing before the referee.

Prosecutor then filed with the bureau a petition for a new trial on the ground that Allen's plea made newly discovered evidence upon which a new hearing should be had. Allen's testimony had been rejected by the referee because unbelievable. His conviction of the crime of perjury gave no greater weight to his testimony and the trier of facts had no duty to infer which of two conflicting stories from the mouth of the same witness he would believe. It certainly cannot be said that such conviction was newly discovered evidence, such as

would justify a new trial, and no authorities are cited for the proposition. That it cannot be the basis of any rights is clear from *Mechanic's Insurance Co.*, ads. *Nichols et al.*, 16 *N. J. L.* 410.

Mr. Justice Porter said in *Reid* v. *North Park and Dodd Trust Co.*, 10 *N. J. Mis. R.* 469, 472: "The rule is that the newly discovered evidence should 'be so persuasive as to scarcely leave it debatable that the verdict is wrong.' *Miller* v. *Ross*, 43 *N. J. L.* 552. The court must be satisfied that the evidence is credible. *Tovey* v. *Public Service Railway Co.*, 95 *Atl. Rep.* 265."

After the denial of this application for a new trial, an appeal was taken to the Court of Common Pleas of Passaic county. The learned trial judge affirmed the bureau by an order which was entered with the consent of the prosecutor's then attorney. The consent reads as follows: "I hereby consent to the form and *substance* of the foregoing Determination and Order."

We do not think such order is reviewable on *certiorari*. *Scharff* v. *Tosti*, 108 *N. J. Eq.* 270, 272. However, we have considered the case and examined the proofs and weighed the evidence, which we do not think we or the Court of Common Pleas should have done, because of the limited way in which the appeal was taken. But if the Court of Common Pleas should have so done, we do not believe it could have arrived at a result on the merits different from the findings of the referee, which were to the effect that the petitioner for compensation had not sustained the burden of showing that the employer had timely knowledge of the injury under the rule laid down in *General Cable Corp.* v. *Lewis*, 122 *N. J. L.* 383.

The writ is dismissed, with costs.