## FEDERAL TRUST COMPANY

v.

## CIANBRO CORPORATION.

Supreme Judicial Court of Maine.

Argued May 14, 1981.

Decided Aug. 24, 1981.

---

Weeks, Hutchins, Frye & Welch, Miles P. Frye (orally), Waterville, for plaintiff.

Marden, Dubord, Bernier & Chandler, Albert L. Bernier (orally), Waterville, for defendant.

Before McKUSICK, C. J., and WERNICK, NICHOLS and ROBERTS, JJ.

ROBERTS, Justice.

Cianbro Corporation (Cianbro) appeals from a judgment of the Superior Court, Somerset County, entered upon a referee's report that recommended that title to two parcels of real estate in Somerset County be found to lie in Federal Trust Company (Federal Trust). One of the issues raised on appeal is whether the referee erred in finding that a particular conveyance in 1966 was not fraudulent as to Cianbro's predecessor in title. Since the referee did not err, we affirm the judgment without reaching any other issues.

Cianbro is presently in possession of the real property at stake in this appeal. Cianbro traces its claim to title to two sheriff's sales held in 1972. These sales came about as a result of a suit by the Industrial Finance Corporation (IFC) against the Hermon Realty Company, Inc., a New Hampshire corporation (Hermon Realty-N. H.). In 1964, Hermon Realty-N. H. gave a $60,-000 mortgage on land it owned in Maine, including the two parcels at stake here to the Lion Construction Corporation (Lion). Lion assigned this mortgage to IFC in the same year. In August of 1966, IFC sued Hermon Realty-N. H., apparently by proceeding on the defaulted promissory note rather than foreclosing on its mortgage. IFC attached all real property owned by Hermon Realty-N. H. in Somerset County. In 1972, IFC obtained a judgment and execution against Hermon Realty-N. H.[1] One

---

1. The docket entries in the IFC suit reflect that the original defendants were Hermon Realty-N. H. and Lion. David R. Tibbetts intervened as a party defendant. Subsequently, Tibbetts was

parcel of real estate, the Pittsfield Advertiser property, was sold at a sheriff's sale to Cianbro. Cianbro acquired a second parcel, the Peltoma Avenue property, from the original purchaser at a sheriff's sale.

Federal Trust Company traces its claim to title through the Hermon Realty Co., Inc. (Hermon Realty-Me.), a Maine corporation incorporated in 1964 and having the same corporate officers and place of business as Hermon Realty-N. H. In March of 1966, before IFC had secured its attachments, Hermon Realty-N. H. conveyed nine parcels of land, including the two in controversy, to Hermon Realty-Me. by a deed with limited covenants of warranty. As consideration for this transfer, Hermon Realty-Me. assumed a number of mortgages outstanding on the land but did not assume the mortgage held by IFC. Hermon Realty-Me. subsequently gave further mortgages on the nine parcels to the Piscataquis Savings Bank (Piscataquis) and to Federal Trust. After Hermon Realty-Me. defaulted on its notes, Piscataquis foreclosed the mortgages it held. In 1970, Federal Trust acquired Piscataquis's interest in the Pittsfield Advertiser and Peltoma Avenue properties. Cianbro subsequently became Federal Trust's lessee in the Pittsfield Advertiser building and paid it rent until the execution sales in 1972. In 1978 Federal Trust brought a real action against Cianbro, M.R. Civ.P. 80A, and asserted a claim for damages as well. Cianbro denied Federal Trust's entitlement to the land and also counterclaimed to set aside the conveyance from Hermon Realty-N. H. to Hermon Realty-Me. and for improvements it had made in the event that Federal Trust was found to hold legal title.

The case was referred to a referee pursuant to M.R.Civ.P. 53. The referee rejected Cianbro's argument that the 1966 deed from Hermon Realty-N. H. to Hermon Realty-Me. was a fraudulent conveyance and that IFC's attachment validly reached the two properties. *See Michaud v. Michaud,* 129 Me. 282, 151 A. 559 (1930). Instead, the referee recommended a judgment for Federal Trust on the ground that the 1966 transfer of realty from Hermon Realty-N. H. to Hermon Realty-Me. was not fraudulent, but he did not recommend any damages. The referee further recommended judgment for Federal Trust on Cianbro's counterclaim for reimbursement for improvements to the realty.

Neither party requested any further findings of fact. Instead, Cianbro timely filed objections to the acceptance of the referee's report. Specifically of concern at this time is objection number 1:

> The referee erred in finding that the deed from Hermon Realty Company, Inc. to Hermon Realty Co., Inc. dated March 1, 1966, was not a conveyance in fraud of creditors.

After hearing, the Superior Court ordered judgment entered in accordance with the recommendation of the referee.

■■■ Findings of fact of the referee are reviewed by the clearly erroneous standard. M.R.Civ.P. 53(e)(2). If there is competent evidence in the record to support the factual findings of the referee, they are not to be disturbed even though there may be evidence to support a contrary finding. *Wendward Corp. v. Group Design, Inc.,* Me., 428 A.2d 57 (1981). Where rational minds might differ we should not permit a trial de novo at the appellate level. *See Dunton v. Eastern Fine Paper Co.,* Me., 423 A.2d 512 (1980).

■■■ The question whether a particular conveyance is fraudulent as to a particular creditor is a question of fact. *See Whitehouse v. Bolster,* 95 Me. 458, 50 A. 240 (1901). So long as the referee's factual findings are not clearly erroneous and he applies no erroneous principles of law, his determination is binding. *Sheridan Corp. v.*

---

substituted as plaintiff and, on the same day, filed a stipulation with Hermon Realty-N. H. for entry of judgment. The docket does not reflect any disposition as to Lion until March 12, 1976, when the entire action was dismissed under M.R.Civ.P. 41(b)(1). We do not reach any issue concerning the validity of this procedure and we express no opinion thereon.

*Silsby*, Me., 410 A.2d 225 (1980). Cianbro, as the party seeking to avoid the conveyance, has the burden of persuading the referee that the deed in question was without consideration (*see Seavey v. Seavey*, 114 Me. 14, 95 A. 265 (1915)) or hindered or delayed Cianbro's predecessor, IFC, at the time of the questioned conveyance (*see Michaud v. Michaud*, 129 Me. 282, 159 A. 559 (1930)). Assumption by the grantee of existing indebtedness of the grantor can constitute adequate consideration. *Stevens v. Hinckley*, 43 Me. 440 (1857); 6 A.L.R.2d 270.

■ With these principles in mind, we examine the record to determine whether the evidence presented to the referee compelled a conclusion that the questioned conveyance was fraudulent. Hermon Realty-Me. assumed and agreed to pay some, but not all, of the mortgage indebtedness secured by the property. The record does not disclose either the then value of the real estate conveyed or the amount of indebtedness assumed. Neither we nor the referee have any basis for finding the consideration inadequate. *Compare Wurlitzer Distributing Co. v. Schofield*, 44 N.C.App. 520, 261 S.E.2d 688, 693 (1980) *with Miner v. Bennett*, 556 S.W.2d 692 (Mo.App.1977).

The real estate remained subject to mortgages to Lion and IFC even though they were not assumed. No case has been called to our attention, nor has research revealed any, where a failure to assume an existing mortgage rendered a transaction fraudulent per se. It appears that some of the prior mortgages were paid and that some substantial indebtedness of Hermon Realty-N.H. was subsequently paid. We are not presented with detailed records of these transactions. We cannot say that the referee was compelled to find that the questioned conveyance, at the time it was made, was fraudulent as to IFC. Since we cannot say that the referee erred, we affirm the judgment of the Superior Court.

The entry is:

Judgment of the Superior Court affirmed.

All concurring.