CARL J. ALDRICH *v.* ALLEN STEVERS ET ALS.

(61 A2d 551)

May Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1948.

*Lawrence & O'Brien* for the defendants.

*Wayne C. Bosworth* for the plaintiff.

JEFFORDS, J. This is a bill in chancery brought under the provisions of P. L. 2573 for the partition of certain real estate.

The ownership of the land as set forth in the findings is as follows: Allen Stevers owns a life interest in a homestead which has never been set out. Defendant William Stevers owns the remainder of Allen's homestead and also an undivided one half interest in the fee subject to a homestead. Defendant Ruth Stevers owns a homestead in the interest of her husband William. The plaintiff owns an undivided one half interest in the fee subject to the homesteads of Allen and William. The plaintiff's interest was conveyed to him by Frank Stevers, son of Allen and brother of William.

It also appears from the findings, so far as here material, that the defendants have occupied the premises at all material times with the knowledge and tacit consent of Frank Stevers. They have operated the land as a farm, making the ordinary repairs and taking the profits from the operation of the farm. The premises have been occupied exclusively and beneficially by William and Allen for the last 22 years. They have made necessary repairs and improvements to the land and buildings from time to time. These repairs and improvements were made in good faith. William paid taxes during the 22 years in the average amount of $22.00 each year.

The chancellor entered an interlocutory decree and passed the cause to this Court before its final determination for consideration of the various exceptions taken by the defendants.

The first exception briefed is to the decree and is based on the claim that the decree is erroneous because it requires the defendants to account to the plaintiff for use and occupancy of the common property. The defendants say that inasmuch as they received no rent from the property, and as there was no agreement between them and Frank Stevers or the plaintiff concerning profits derived from the use of the property, they are not liable to the plaintiff for any profits they may have made from the use or occupation of the premises. They say that they cannot be held so liable because of occupancy alone.

Since the enactment of the statute of 4 and 5 of Anne, Ch. 16,

§ 27, and like or similar statutes in this country, there has been a diversity of opinion on this question. See Cotenancy, 14 Am Jur 134, par. 65 and Tenancy in Common, 62 CJ, pps. 494, 495. Our statute P. L. 1894 is similar to the English statute. The leading case from this jurisdiction construing this statute on the question here under consideration is *Hayden* v. *Merrill,* 44 Vt 336, 8 AR 372. The present plaintiff claims that this case is decisive in his favor. The defendants say it is not in point.

■ Our examination of the opinion in the Hayden case convinces us that the plaintiff is correct in his contention. Judge Peck who wrote the opinion goes into the matter at some length. Many English and Massachusetts cases which hold in accordance with the claim of the defendants are reviewed and either distinguished or not followed because of a construction of the statute considered to be too narrow. The decision is placed on the broad ground that one tenant in common, under the statute, must account to the other when the former has received "more than his just proportion of any estate or interest." It is stated in the course of the opinion that: "we will not attempt to lay down any particular rule as a general test of liability of one tenant in common occupying the common property. But it is safe to say that where, as in this case, the occupancy of one tenant in common is beneficial, and at a profit to such occupant, and is entire and exclusive, he is bound to account to his co-tenant for what he has received by such occupancy more than his just proportion." In the present case it is found that the premises have been occupied exclusively, beneficially and at a profit by the defendants William and Allen for a long period of time. Thus the facts here bring the case within the rule set forth in the Hayden case.

The defendants claim that the decision in the Hayden case was based on an agreement between the plaintiff and the defendants so is not in point here. They base this claim on certain statements appearing in the opinion on page 349 of 44 Vt. It is possible that the case might have been decided on that ground but it is clear from a reading of the whole opinion, and without analyzing it further, that the basis for the decision was the broad ground heretofore stated. It might be noted that in both American Jurisprudence and Corpus Juris, supra, Hayden v. Merrill is placed in that class of cases which have refused to adopt the English construction of the statute of Anne and which allow relief whenever

one co-tenant has received more than his just proportion, whether it was in the form of rents or of profits derived from use and occupation.

The next exception also relates to the decree. The defendants say it is erroneous because it is based on the rental value of the property after improvements made and paid for by them.

In determining the debits and credits between the parties the chancellor credited the plaintiff with the rental value of the property at $150.00 per year. This figure was based on the average rental value of the period of occupancy by the defendants. The chancellor credited the defendants for various improvements to the property during that time. It is obvious that the rental value as determined was based to some extent at least on the additional value to the property produced by the improvements. In thus determining the rental value the chancellor was in error. The defendants should have been charged with such rent as the property was fairly worth without these improvements. *Farrand* v. *Gleason,* 56 Vt 633, 639. See also *Hannah* v. *Carver,* 121 Ind 278, 23 NE 93; *Williamson* v. *Jones,* 43 W Va 562, 27 SE 411, 38 LRA 694, 64 ASR 891; 62 CJ 451.

It should be noted that the chancellor apparently credited the defendants for improvements at their cost price. The correct amount to be credited is such sum as the items claimed to be improvements enhance the value of the common property at the time of trial. *Farrand* v. *Gleason, supra.* It may be that in the present case the value of the credits would be the same in each instance but upon a new trial the measure as herein set forth should be followed and so stated in the findings.

The chancellor found the value of the premises in question, with the buildings thereon, to be $3000.00 at the time of the trial. This was $1200.00 more than a witness called by the defendants placed the value as of that time. The defendants claim that the $1800.00 value placed on the premises by this witness is the only competent evidence in the case on this issue. The plaintiff and a witness interested in his favor placed the value considerably higher than that found by the chancellor. The defendants say that the testimony of these two latter witnesses was worthless because, for various reasons, they were not qualified to testify on this point. But the deficiencies, if any, in the qualifications of

these witnesses went to the weight and not to the admissibility of their testimony. There was no error in the admission of their testimony nor in its consideration by the chancellor in making the finding in question.

The defendants also claim that the chancellor erred in his finding as to the fair rental value of the property because of the lack of qualifications of the witness to testify on this subject matter. Our previous holding in respect to rental value makes it unnecessary to consider this claim of the defendants.

*Decree reversed and cause remanded.*