**4**

BADGER BY-PRODUCTS CO., a Wisconsin corporation, and Benjamin J. Free, Plaintiffs,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation, Defendant.

Civ. A. No. 70-C-118.

United States District Court, E. D. Wisconsin.

Sept. 13, 1974.

Irvin B. Charne and Harry Halloway, Milwaukee, Wis., for plaintiffs.

Kenneth M. Kenney, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This is an action by Badger By-Products Co., and Benjamin J. Free, hereinafter "Badger", to recover on a "business interruption" insurance policy issued by the defendant Employers Mutual Casualty Company, hereinafter "Casualty Company". The case was referred to a Special Master pursuant to Rule 53(b), Federal Rules of Civil Procedure. For the reasons detailed below, the report of the Master is accepted, and his findings of fact and conclusions of law are adopted as the Court's own.

The insurance policy involved here was issued on June 17, 1968. On April 8, 1969, a fire occurred on the premises occupied by Badger causing extensive damage to the premises and personal property contained therein. On March 3, 1970, Badger filed its complaint with the Court. The Casualty Company filed its answer on June 17, 1970.

On August 16, 1973, the Court appointed Herbert S. Bratt as Special Master, pursuant to Rule 53(b) of the Federal Rules of Civil Procedure, since the "resolution of this matter requires extensive and detailed fact finding, and after reviewing the file and meeting with coun-

sel at a status conference * * * the Court feels that in excess of two years of discovery has failed to render the case ready for resolution by the Court."

A first meeting of the parties was held by the Special Master on August 30, 1973, in accordance with Rule 53(d)(1) of the Federal Rules of Civil Procedure. On November 2, 1973, a stipulation was filed in which the parties waived the right to jury trial and consented to the reference to the Special Master.

Evidentiary hearings were held on some 32 days, commencing November 20, 1973, and ending on March 13, 1974. The parties filed briefs upon completion of the hearings. The Special Master's report was filed with the Court on June 26, 1974.

On August 6, 1974, Badger filed a motion asking the Court to adopt the report of the Special Master, and also to adopt the Special Master's findings of fact and conclusions of law as its own. Badger also requested the Court award it the costs of reference.

On the same date, the Casualty Company filed its objections to the report of the Special Master.

A hearing was conducted by the Court on August 21, 1974, on Badger's motions and the Casualty Company's objections.

The jurisdiction of the Court in this case is that of diversity. 28 U.S.C. § 1332(a).

Rule 53(e)(2) of the Federal Rules of Civil Procedure determines the effect of the Special Master's findings of fact in this case:

"In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. * * *"

This standard of review has been applied in the cases also. Judge Gordon stated in Forest Laboratories, Inc. v. Formulations, Inc., 320 F.Supp. 211, 212 (E.D.Wis.1970):

"With reference to the findings of fact, it is clear that under Rule 53(e)

(2), Federal Rules of Civil Procedure, this court is obliged to accept findings unless they are 'clearly erroneous'. In Arrow Distilleries, Inc. v. Arrow Distilleries, Inc., 117 F.2d 636, 639 (7th Cir. 1941), the court stated: 'Under this rule the court cannot reject the master's findings of fact unless they are clearly erroneous. We think they were not clearly erroneous in this case.'"

■ The Seventh Circuit has stated that the "clearly erroneous" standard makes the Master's findings of fact binding on the district court as long as the court conducts a "real review to determine whether or not the factual findings are clearly erroneous." Locklin v. Day-Glo Color Corp., 429 F.2d 873, 876 (7th Cir. 1970), cert. denied, 400 U.S. 1020, 91 S.Ct. 582, 584, 27 L.Ed.2d 632 (1971).

The Court has conducted a "real review" of each finding of fact made by the Special Master. The briefs submitted by both parties have been carefully reviewed, including the Casualty Company's post trial brief which was submitted to the Special Master before his report was made. Counsel for Badger have cited the pages of the transcript and the exhibits which support each specific finding. Counsel for the Casualty Company has not disputed that those pages do in fact support the findings referred to of the Special Master. Counsel for the Casualty Company has not specifically referred the Court to any pages in the transcript or exhibits where evidence contrary to the findings may be contained. Indeed, counsel for the Casualty Company has not specifically stated why he has objected to the findings. He has stated that he does not agree with the Master's views of the evidence, but this is not enough. See, Locklin v. Day-Glo Color Corp., supra, at 880 wherein the Court states that:

"A perusal of the relevant portions of the record firmly convinces us that the master's findings are not clearly erroneous. That there are conflicts

in the evidence and wide room for argument shows only that permissible conclusions were drawn. '[A] choice between two permissible views of the weight of [the] evidence is not "clearly erroneous".' * * * The evidence offered by Radiant, while not conclusive, was the best attainable under the circumstances and clearly sufficient. Switzer, under the guise of questions of law, argues about the weight of the evidence." (Citation omitted)

The Court has considered the exhibits that counsel for the Casualty Company did refer to, but the Court is not convinced that any of the Special Master's findings of fact are clearly erroneous.

■ The burden is on the party who objects to a finding of fact by a Special Master to show that it is clearly erroneous. Esdale v. Edwards, 28 F.R.D. 390 (W.D.N.C.1961). In Savage v. Monarch Royalty Corp., 64 F.2d 650 (10th Cir. 1933), the Court gave an excellent description of the practice under former Equity Rule 66:

"The practice of referring causes or issues to a master is a device to conserve the time of the court. The master hears the evidence, sifts the wheat from the chaff, and then reports the facts as he finds them to the court, with or without his conclusions of law or recommendations as to a decree, as he may be directed. The duty then devolves upon the dissatisfied party to point out specifically the facts found by the master which he asserts are not in accord with the evidence, or the error in the conclusion of law. The court's task is then narrowed to an examination of so much only of the record as bears upon the specific exception. Nothing of the kind was done here. A general challenge was made to all of the report; yet much of the report deals with facts that are not in dispute. Neither the trial court, nor this court, can pass on these exceptions without a line-by-line study of the entire proceedings before the master. Such exceptions undo all the benefit which is supposed to be derived from the expense of a reference. The law has long been settled that such general exceptions are unavailing." Supra at 651.

This is an accurate description of the present practice under Rule 53(e)(2). 5A Moore, Federal Practice ¶ 53.11, p. 2994 (1974).

■ This Court has determined that the Special Master's findings of fact are not clearly erroneous. They are, therefore, adopted as the Court's own.

■ With respect to the Special Master's conclusions of law, the rule is that they have no effect except to the extent that they constitute correct legal rules. Forest Laboratories, Inc. v. Formulations, Inc., supra, 320 F.Supp. at 213; 5 Moore, Federal Practice ¶ 53.12[5] at 3021 (1974).

After carefully reviewing each of the Special Master's conclusions of law, the Court considers each of them to be a correct application of the law. They are, therefore, adopted as the Court's own conclusions of law.

In the order of August 16, 1973, appointing a Special Master, the Court included a provision that, "the fees and expenses of the said Special Master will be borne and paid by the parties * * * and that the plaintiffs will contribute one-half thereof and the defendants one-half thereof, and that the final taxability of costs of reference be subject to the further order of the Court."

Badger has moved that the Court award it the costs of reference. Rule 53(a) of the Federal Rules of Civil Procedure provides, in relevant part:

"The compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties * * * as the court may direct."

Rule 54(d) provides, in relevant part, that:

"Except when express provision therefor is made either in a statute of

the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *."

Under Dyker Bldg. Co. v. United States, to Use of Parreco, 86 U.S.App.D.C. 297, 182 F.2d 85 (1950), the costs of reference may be considered as "costs" within Rule 54(d).

In this case, the Casualty Company has not suggested any sufficient reason for the Court to exercise its discretion to direct otherwise than as Rule 54(d) provides. Badger's motion that it be awarded the costs of reference will, therefore, be granted.

In addition, the order for judgment will reflect the Court's conclusion that all of Badger's taxable costs should be awarded to it, pursuant to Rule 54(d).

Counsel for Badger will prepare an order for judgment which incorporates the above and submit it for signature after submitting it to counsel for the Casualty Company for approval as to form.