## Ramona S. Carter v. Richard B. Carter

[380 A.2d 99]

No. 27-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed November 3, 1977

*John H. Carnahan* of *Fitts & Olson,* Brattleboro, for Plaintiff.

*Robert Grussing, III,* and *Michael J. Hertz,* Brattleboro, for Defendant.

**Hill, J.** In this case plaintiff-appellant Ramona S. Carter complains of the distribution of property mandated by a lower court order granting her a divorce from defendant-appellee Richard B. Carter.

The order required appellee to pay appellant $100.00 monthly as alimony and $300.00 monthly as child support for their two children, of whom appellant was given custody. These amounts

were subsequently amended to $50.00 per month and $150.00 per month, respectively. Appellee was to continue to pay for existing medical and life insurance for the children. Appellant was to pay for all uninsured health-related expenses up to $50.00 "per illness," the excess to be shared equally by appellant and appellee. Appellee was to have the right to claim the children as income tax exemptions. Appellee was awarded certain specific personal property; the bulk of the household furnishings was awarded to appellant. As regards the homestead, the order provided as follows:

> The parties shall own the real estate at Putney as tenants in common; Plaintiff shall have sole occupancy of same for herself and the children until the premises are sold by agreement of the parties or until the youngest child attains majority, at which time it shall be sold unless the parties agree otherwise. Either party, by agreement, may purchase the other's interest at one-half the net value (fair market less the outstanding indebtedness). Upon sale to a third party, the net proceeds shall be divided equally. Plaintiff shall pay all costs and expenses incident to the maintenance and operation of the household during the period of her occupancy.

Appellant was not required to pay any rent to appellee for her (and the children's) sole use of the homestead. A subsequent order indicated that appellant was to pay all mortgage payments on the house as they fell due as well as the expenses of maintaining and operating the household. Appellee testified at the hearing that he thought the fair market value of the house was between $50,000.00 and $60,000.00, and that the outstanding mortgage indebtedness was $14,000.00, reduced from $18,000.00.

Appellant raises two issues on this appeal: I. Whether the method of disposition of the homestead placed unreasonable restraints on the alienability of appellant's interest in that property; II. Whether the lower court abused its discretion in ordering appellant to pay off the mortgage and then share equally with appellee the proceeds of the required subsequent sale.

## I.

We hold that the order of the court below did not place unreasonable restraints on appellant's ability to alienate her interest in the homestead.

The order establishing a tenancy in common did not absolutely prohibit appellant from selling her undivided one-half interest in the homestead. She could sell her interest to a third party, or to appellee—if he agreed—at the fair market value less the outstanding indebtedness. Appellant seems to argue that, despite the absence of total legal disability, the court's order constitutes an unreasonable restraint on alienation because the liabilities which the court assigned to appellant along with the right to occupy the homestead burden her interest to such an extent that "as a practical matter" she cannot sell it. What appellant is really complaining about is the *value* of her interest, a complaint properly made in the context of the other issue brought before us on this appeal—whether or not the award with respect to the homestead constituted an abuse of discretion—and we discuss it there. The fact that the court chose, in seeking to effect an equitable distribution of property, to burden appellant's interest in the homestead in such a way that its attractiveness to a prospective purchaser is reduced does not create the restraint on alienation which the law forbids.

## II.

We also hold that the lower court did not abuse its discretion in ordering appellant to pay off the mortgage and then share equally the proceeds of the subsequent sale with the appellee.

"The matter of division of property in a divorce case is a matter of discretion vested in the trial court. Unless it appears on review that such discretion has been withheld or abused, the decree as made must stand." *Peisch* v. *Peisch*, 132 Vt. 514, 518, 321 A.2d 67, 69-70 (1974). We note at the outset that the lower court's provision regarding the homestead ensures that the Carter children will not be unnecessarily displaced as a result of their parents' estrangement. This Court has recognized the value of preserving the homestead for the minor children of divorced parents in *van Loon* v. *van Loon*, 132 Vt. 236, 242, 315 A.2d 866, 869-70 (1974).

Appellant supports her contentions by pointing to alleged monthly expenses of approximately $425.00 for mortgage payments, heat, taxes and electricity (plus the expense of repairing and maintaining the house), all of which she must pay without contribution from the appellee. She also urges us to consider a projected figure allegedly demonstrating that appellee will recover the monies which he has expended for alimony and child support when the house is eventually sold. Even assuming that appellant's calculations are accurate, we find that they are offset. Appellant has the right to exclusive use and occupancy of the homestead until 1985 (the year that the youngest child will reach majority). Under these circumstances, a tenant in common is normally obligated to the tenants who do not have use of the premises for their share of the value of the use to him. *Aldrich* v. *Stevers*, 115 Vt. 379, 381, 61 A.2d 551, 552 (1948). However, in this case appellant is not obligated to account to the appellee for the value which she derives from her occupancy of the house with the children, nor for the rents she receives from boarders or from tenants of an apartment which is attached to the house. The house has eleven rooms and the attached apartment. Appellant admits having a boarder who pays $150.00 per month. The rental value of the apartment is undetermined, although appellant testified at the original hearing that the apartment was rented for $225.00 per month. The apartment has since been rented in exchange for performance of necessary repairs to the house. A portion of the expense of running the household should be deemed to be paid for by the appellee's child support payments. We need not and cannot make an exact comparison of the expense of operating the house with the value which appellant may derive from her right of exclusive use. The considerations discussed above persuade us that appellant has not been left in a significantly inequitable position. We conclude that the lower court's disposition with regard to the homestead did not constitute an abuse of discretion.

*Affirmed.*