## Evelyn Lindquist v. Caryl T. Adams

[811 A.2d 173]

No. 01-178

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed August 23, 2002

*James W. Swift* and *Abby C. Moskovitz* of *Langrock Sperry & Wool, LLP*, Middlebury, for Plaintiff-Appellee.

*Peter H. Banse* of *Banse & Banse, P.C.*, Manchester, for Defendant-Appellant.

**Morse, J.** Caryl T. Adams appeals from a superior court order adopting a commissioners' report partitioning several parcels of land in the towns of Fair Haven and West Haven. Adams argues on appeal that the commissioners failed to create a record in support of their report, in part due to their actions of undertaking independent investigations of the facts and failing to hold a contested hearing with both parties present, and that the commissioners' findings are not supported by the record such as it is. Adams also argues that the trial court's order with regard to the commissioners' fees should be reversed as unreasonable. Evelyn Lindquist cross-appeals, arguing

that the trial court erroneously denied her request that the cost of a survey relied upon by the commissioners be divided between the parties. We reverse and remand.

Caryl Adams and Evelyn Lindquist, brother and sister, each own a 50% interest in three parcels of land located in the towns of Fair Haven and West Haven. In May 1997, Lindquist brought an action for partition in superior court. The court appointed three commissioners pursuant to 12 V.S.A. § 5169, two of whom were selected by Lindquist and Adams, with the third selected by the two commissioners selected by the parties.

On February 16, 1999, the court held a conference with both parties present, along with two of the commissioners. The day of the conference, Lindquist filed a motion requesting that the court order a survey of the properties, splitting the cost between the parties. At the conclusion of the conference, the court denied Lindquist's motion, holding that, if the commissioners subsequently decided a survey was necessary, they should notify the court and it would revisit the question. The court also directed the commissioners not to have any ex parte contacts with the parties or third parties without notifying Lindquist and Adams and giving them an opportunity to be present for the taking of evidence. The court suggested the commissioners hold a meeting to determine what evidence would be submitted by the parties, whether they could agree to specific third-party contacts, whether a survey would be necessary, and whether any title work would be necessary to accomplish the partition. It does not appear from the record that such a meeting was held; rather, the commissioners sent a letter to the parties soliciting documentary evidence and noting that the commissioners would be meeting later that month regarding the case.

The next docket entry comes almost a year later, in January 2000, noting that a status conference had been scheduled in the case. Apparently, in the intervening time, the commissioners had undertaken an independent investigation of the properties, including walking the properties on their own, contacting various municipal boards regarding the development potential of the parcels, and speaking to an individual who had logged portions of the properties in 1995. The commissioners sent a status report to the court indicating their ongoing investigations and noting that a survey of at least part of one of the properties was necessary to complete the division of the parcels. The status conference was then canceled. In September 2000, the commissioners wrote a letter to the parties' attorneys seeking their

legal opinions regarding a potential right-of-way to one of the parcels that they had uncovered ·when undertaking a title search of the property. It is not clear how or whether the attorneys responded. Also some time prior to the commissioners' final report, it appears that Lindquist independently commissioned a survey of two of the parcels, which she then provided to the commissioners.

In January 2001, the commissioners submitted their final report to the court dividing the properties. Adams objected to the report and requested that the matter be recommitted to the commissioners for further proceedings. Specifically, he contested several specific findings, noting that the commissioners had either not taken independent evidence on the matters or had not notified him of the taking of such evidence. He also argued that the commissioners had failed to make adequate and detailed findings to support their decision so as to allow for review, and, finally, that the commissioners had "held no hearings and produced no record of their proceedings," thus precluding review.

The court held a hearing on the matter on February 15, 2001. After hearing argument from both parties, the court concluded that the burden was on Adams to demonstrate that the findings by the commissioners were clearly erroneous and that it would take evidence from both parties on the matter. The court noted that the parties could call the commissioners in order to create a record in support of their findings. Adams objected to the procedure, noting that there was no record to review to determine whether the commissioners' findings were supported and that the hearing before the trial court was not the place to establish such a record. Adams also objected generally to the commissioners giving evidence before the court. After the hearing, at which two of the commissioners testified, the court determined that Adams had not met his burden, and adopted the commissioners' report accordingly. The court declined, however, to split the cost of the survey commissioned by Lindquist between the parties.

Lindquist drew up a proposed order, to which Adams objected, again arguing that the commissioners as fact-finders could not give evidence in support of their own report on appeal, and thus the report was not supported by any record evidence. The court nevertheless decided to accept the commissioners' report and entered a final judgment doing so. Both parties appeal from the order to this Court.

Adams' primary argument on appeal is that the commissioners failed to create a record in support of their findings, and the report should not have been accepted by the superior court for that reason.

We agree that the report of the commissioners should have been rejected by the trial court in this case.

As we have previously noted, V.R.C.P. 53 establishes the procedure to be followed once the court has appointed commissioners to help effect a partition. *Messier v. Messier*, 140 Vt. 308, 312, 438 A.2d 397, 399 (1981). Furthermore, the order of reference controls the proceedings before the commissioners. See V.R.C.P. 53(c); *Messier*, 140 Vt. at 313, 438 A.2d at 400. Once a report is made to the superior court pursuant to V.R.C.P. 53 and the order of reference, the superior court reviews findings made in the report in the capacity of an appellate court. See *Hansen v. Town of Charleston*, 157 Vt. 329, 334, 597 A.2d 321, 323 (1991). In aid of this review, V.R.C.P. 53(e)(1) requires that the report be accompanied by the evidence relied upon, including a transcript of the proceedings and any exhibits. Thus, as a threshold matter, the court merely must determine whether the report's findings were clearly erroneous. See *id.* 53(e)(2); *Messier*, 140 Vt. at 313, 438 A.2d at 399-400. If it determines that they are its options are somewhat broader than a traditional appellate court. It may "modify [the report] or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." V.R.C.P. 53(e)(2).

█ In this case, the trial court specifically ordered the commissioners not to engage in ex parte contacts without stipulation of the parties and to give notice and an opportunity to be present for the taking of any evidence. It also suggested a meeting with all parties present. Cf. *Town of Brookline v. Town of Newfane*, 126 Vt. 179, 182, 224 A.2d 908, 910 (1966) ("Trial by reference is conducted in the same manner as trial by court. Evidence is presented in the presence of the parties and to the full panel unless these requirements are waived.") (citations omitted). It does not appear from the record that the commissioners adhered to these directions. Rather than taking evidence, it appears that they undertook their own independent investigation of the facts. While this in itself is somewhat problematic, *id.* at 183, 224 A.2d at 910 (commissioner's independent inquiry made "the trier of the facts in effect an unsworn witness"), the more troubling aspect in this case is the commissioners' utter failure to create and submit a record of this investigation to the trial court as contemplated by V.R.C.P. 53(e)(1). The only exhibit or evidence accompanying the commissioners' report was the survey provided by Lindquist, a copy of which had *not* been appended to the report provided to Adams. Thus, there was essentially no record for the trial

court to review prior to its decision to take evidence. Compare *Albanese v. Condit*, 141 Vt. 651, 653-54, 450 A.2d 1141, 1143 (1982) (where limited record was due to defendant's destruction of records and inability or unwillingness to produce evidence, findings were not clearly erroneous given "the state of the proof").

The court's conclusion that it was Adams' burden to demonstrate, via examination of the commissioners themselves, that the findings were clearly erroneous was an error. Rather, given the complete lack of a record in this case, the court should have conducted a de novo hearing.

Accordingly, we reverse and remand so that the trial court can conduct a de novo hearing on the question of how to partition the properties. We note, however, that in the name of judicial economy and because of the de novo nature of the proceedings, both parties may call the commissioners to serve as expert witnesses on their behalf. Cf. V.R.C.P. 53(e)(3) (where master has been appointed in matter to be tried by jury, master's findings are admissible as evidence and may be read to the jury).

In light of our disposition, we think it appropriate for the trial court to revisit the issue of the commissioners' fees. While the parties are responsible for such fees, they are only responsible insofar as the court deems reasonable. See 12 V.S.A. § 5181. Given the unusual nature of the proceedings conducted by the commissioners, we think it a matter proper for further evidentiary development on remand.

■ Finally, with respect to Lindquist's cross-appeal, we discern no abuse of discretion in the court's denial of her request that the surveyor's fee be split between the parties. The court had previously denied Lindquist's motion for a survey ordered by the court, specifically stating that the parties should come back to the court if a survey became necessary. Instead of asking the court to revisit the question, Lindquist chose to commission a survey herself at her own expense and then provide it to the commissioners. Thus, we will not reverse the trial court's decision on this point.

*Reversed and remanded for proceedings consistent with this opinion.*