*Snide v. Burke-Schoff*, No. 734-11-12 Wrcv (Teachout, J., September 4, 2014)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Windsor Unit | CIVIL DIVISION<br>Docket No. 734-11-12 Wrcv |

| | |
|---|---|
| Jeffrey Snide,<br>        Plaintiff<br><br>v.<br><br>Crystal Burke-Schoff,<br>        Defendant | |

## DECISION AND ORDER

### PLAINTIFF'S OBJECTIONS TO THE COMMISSIONERS' REPORT; AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Jeffrey Snide, represented by Attorney Kevin M. Volz, commenced this partition action pursuant to 12 V.S.A. §§ 5161, et seq., relative to property in Springfield, Vermont, jointly owned by him and Defendant Crystal Burke-Schoff.  Defendant failed to respond or otherwise appear in this action, and, by order dated September 10, 2013, the court appointed commissioners to make partition of the property and to set off the parties' shares according to their respective interests.

A commissioners hearing was held on December 13, 2013.  Again, although defendant was sent multiple notifications that the hearing would be held, she failed to attend.  After considering the evidence received, the commissioners issued a report detailing their findings of fact and recommendations regarding partition.  Specifically, the commissioners found that the property's value was $125,000—an increase of $30,000 over the September 2011 purchase price of $95,000.  Defendant initially contributed $17,000 towards the down payment on the mortgage and closing costs, and the parties proceeded to share expenses through March 2012, when their personal relationship ended and defendant moved out.  Thereafter, plaintiff bore the property's expenses, including more than $20,000 in mortgage payments, property insurance, and taxes.  Plaintiff also spent nearly $8,000 on improvements to the property, which involved, among other things, the installation of a new oil tank, refinishing the home's hardwood floors, and painting the interior walls.

The commissioners determined that plaintiff should be credited for defendant's half of the funds expended on mortgage payments, insurance, and taxes, in addition to the entirety of

that money spent on improvements.  It was further recommended that defendant be credited for her original remittance of $17,000.  In comparing the parties' contributions, the commissioners calculated that plaintiff spent roughly  $1,000 more on the property.  Ultimately, the commissioners recommended that the property's equity be divided equally, as adjusted by the credit owed plaintiff, and that plaintiff either purchase defendant's share, or, if unable to do so, that the property be sold and the proceeds be distributed accordingly.

Certain additional allegations were raised by plaintiff at the hearing, including that defendant had absconded with a tax refund deposited into the parties' joint checking account, that plaintiff had been required to exclusively pay for car insurance on a vehicle defendant retained sole possession of, and that defendant wrongfully retained proceeds from the sale of the parties' vehicle.  The commissioners did not consider these allegations as they are outside the purview of partition, which solely implicates the parties' real property.  However, now before the court is a motion for default judgment, filed by plaintiff, seeking monetary relief for these additional allegations, as well as costs and attorney's fees related to this entire action.

Also before the court are plaintiff's objections to the commissioners' report.  The crux of the objections is plaintiff's argument that in addition to being compensated for the actual costs of improvements made to the property, he should also be compensated for the labor he expended in making the improvements.

ANALYSIS

*Plaintiff's Objections*

"The order of reference given to the commissioners, the proceedings held by them, the reports they issue, and the action of the superior court on the report are governed by Vermont Rule of Civil Procedure 53."  *Malletts Bay Homeowners' Ass'n, Inc. v. Mongeon Bay Properties, LLC*, 2008 VT 62, ¶ 6, 184 Vt. 541 (2008).  The commissioners are "required to make findings of fact and conclusions of law," and this court is "required to accept the findings unless they [a]re clearly erroneous."  *Id*. (citing V.R.C.P. 53(e); *Lindquist v. Adams*, 174 Vt. 179, 182 (the superior court reviews findings "in the capacity of an appellate court")).  "The findings of a special master, once adopted by the court, have the same force and effect as findings of the court."  *Wyatt v. Palmer*, 165 Vt. 600, 601, 683 A.2d 1353, 1356 (1996) (mem.).

"[T]he goal of partition actions is that a cotenant must equally share both the burdens of land ownership (i.e., the responsibility of preserving the land) as well as the benefits."  *Massey v. Hrostek*, 2009 VT 70, ¶ 21, 186 Vt. 211 (quotation omitted).  "Thus, if 'one cotenant bears a disproportionate share of the burden, the other cotenants must provide compensation,' and 'if one cotenant enjoys a disproportionate share of the benefits, the other cotenants must be compensated' to achieve partition's equitable goals."  *Id*.  To that end, it is

appropriate to consider one cotenant's "prior financial contributions to the property in an effort to equitably divide the parties' interests." *Begin v. Benoit*, 2006 VT 130, ¶ 6, 181 Vt. 553. Notably, these considerations must be restricted to the contributions made to the real property itself, and "to do otherwise would be beyond the scope of 12 V.S.A. § 5161." *Id*. ¶ 9 (quotation omitted).

The principle that courts are restricted to solely considering those financial contributions made to the real property was repeated in *Whippie v. O'Connor* ("*Whippie I*"), 2010 VT 32, ¶¶ 4, 26, 187 Vt. 523, where the Supreme Court referred to the plaintiff's payments for "personal needs," "credit card debt," and "purchases for the parties' children" as "not relevant to partition." The related series of decisions, commencing with *Whippie I*, contains the Court's most recent iteration of the standard for allocation of property in partition actions:

> [T]he partitioning court should split the property in half and then consider equitable factors in the following order. First, the court may determine the contributions of each party towards the actual expenses of the house, including mortgage, insurance, taxes, utilities, repairs, and improvements. These contributions can credit a party for payment of other expenses, but only where, by agreement with the other cotenants, the claiming party paid more than its pro-rata share of such other expenses in lieu of a pro-rata contribution to its shared obligation on the real property bills. Second, the court should credit against contribution claims a rental value offset for any period of exclusion of a party ousted from the premises by the cotenants in possession. The court should next consider other equities cognizable in partition and then any allocation of costs and fees arising from partition.

*Id*. ¶ 15; see also *Whippie v. O'Connor* ("*Whippie II*"), 2011 VT 97, ¶ 13, 190 Vt. 600 ("'[A] cotenant who pays necessary maintenance costs associated with jointly owned property is entitled to a setoff for the other tenant's portion of those costs.'") (quoting *Massey*, 2009 VT 70, ¶¶ 21–22 (holding that it was proper to credit a cotenant for costs of property taxes, necessary utilities, house cleaning services, insurance, maintenance, and pest control, but not for the costs of telephone and television services, as these costs were not necessary to maintain the property)).

With this standard in mind, the court finds that the commissioners made a proper assessment of the current value of the parties' real property. In assessing the parties' respective shares of the property, the commissioners appropriately refused to consider plaintiff's allegations regarding his tax refund, and costs associated with the parties' vehicle, as these items are separate and apart from the real property. Right consideration was given to

3

the parties' contributions to the property's necessary costs and the parties were properly credited for their expenditures. The court rejects plaintiff's argument that he should have received further credit for the cost of his personal labor. When reviewing the cotenants' contributions to necessary expenditures in the above-cited cases, the courts' review has been limited to only considering actual costs, to wit, monetary payments, and not the value of any hours worked by the cotenants themselves.

This court may, however, consider plaintiff's time and labor to the extent any work increased the value of the property. See *Massey*, 2009 VT 70, ¶ 23 (citing *Palanza v. Lufkin*, 2002 ME 143, ¶ 11, 804 A.2d 1141; *Hernandez v. Hernandez*, 645 So.2d 171, 175 (Fla. Dist. Ct. App. 1994)). This principle applies both to time and labor spent on necessary matters, as well as any "discretionary improvements" to the property. See *id*.; *Whippie II*, 2011 VT 97, ¶ 13. It does not appear from the commissioners' record that they considered whether any part of the $30,000 increase in the property's value over a period of less than three years was specifically attributable to plaintiff.

The party claiming any increased valued to the property bears the burden of demonstrating the amount by which the value of the property was enhanced by their efforts. See *id*. The assessment of any setoffs cannot be evaluated "without knowing at least the general proportion of each party's contribution to maintaining and preserving the property." *Whippie I*, 2010 VT 32, ¶ 18. "While the accounting need not be precise, a ball-park estimate is insufficient." *Id*. While the court adopts the commissioners' findings of fact with respect to the property's value and the parties' contributions to actual costs, judgment will be reserved on assessing the parties' respective shares in order to permit plaintiff an opportunity to submit reliable evidence on whether a portion of the property's increased value is particularly attributable to him. The court will consider any evidence submitted by plaintiff prior to issuing a final judgment.

*Plaintiff's Motion for Default Judgment*

In his motion for default, plaintiff alleges that defendant "fraudulently deprived" him of $5527 for a tax refund, that she "took" $671.56 in proceeds from the sale of the parties' repossessed vehicle, and that he previously had to pay $300 in car insurance while defendant was in "exclusive possession of the car against [plaintiff]'s wishes." A review of plaintiff's original pleading in this action indicates that the only claim presented is one for partition. Plaintiff does not mention his tax refund, vehicle sale proceeds, or car insurance payments, and the pleading is silent as to any claim for "fraud," conversion, or other tort. Whereas the parties' vehicle and joint checking account are mentioned in the pleading, as well as plaintiff's first motion for default judgment on his partition claim, they are merely referenced as part of his request that the parties' personal property be taken into consideration in determining the

4

parties' respective shares in the real property. As set forth above, these considerations are not appropriate under a partition action, and the court may not otherwise issue a default judgment on claims that are not pleaded.

The court will, however, consider plaintiff's request for court costs and attorney's fees. Generally, absent a statutory or contractual provision, parties are required to bear their own attorney's fees. *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 76, 179 Vt. 167 (citing *DJ Painting, Inc. v. Baraw Enters.*, 172 Vt. 239, 246 (2001)). In partition actions, there is an authorizing statute permitting the allocation of costs. See 12 V.S.A. § 5169 (if there is a judgment for the plaintiff, he shall be awarded "reasonable costs against the adverse party."). Indeed, even without an authorizing statute, courts may deviate from the "general" rule stated above in "'exceptional cases and for dominating reasons of justice.'" *DJ Painting, Inc.*, 172 Vt. at 246 (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 167 (1939)). Here, there will be judgment for plaintiff on the partition action. Moreover, the court notes that while defendant was repeatedly notified of this action, she apparently decided against appearing and, as such, has provided no justifiable explanation as to why plaintiff was effectively required to resort to the extreme remedy of partition. Under these circumstances, while plaintiff's motion for default judgment is denied, the court will nonetheless proceed to award fees and costs to plaintiff in the context of his partition action.

The court notes that whereas plaintiff's motion for default lists attorney's fees in the amount of $3,500, he later submitted an invoice for legal services indicating a total cost of $1940.50. This invoice appears to be exclusive of other costs evidenced in plaintiff's motion papers, including a court filing fee of $225, service costs of $135, and $340 related to the transcription of the commissioners' hearing. Based on the evidence provided by plaintiff, he is currently entitled to fees and costs in the amount of $2640.50. The court will wait to pass judgment on a final amount, though, until if and when plaintiff submits the additional evidence referred to above, which may involve additional costs. Once judgment is issued as to the parties' respective shares in partition, defendant's share may be reduced by the fees and costs to which plaintiff is entitled.

ORDER

The court adopts the findings of fact set forth in the commissioners' report dated March 24, 2013, but reserves judgment on the parties' respective shares in their property in order to allow plaintiff an opportunity to submit additional evidence regarding how, if at all, his actions specifically increased the value of the property. Plaintiff is ordered to submit any additional evidence within 20 days of entry of this order. If plaintiff does not submit any evidence within the period allowed, or if he indicates on an earlier date that no such evidence will be

forthcoming, the court will issue a separate order adopting the commissioners' report in its entirety.

Plaintiff's motion for default judgment on any claims related to property extraneous from that being partitioned is denied. However, plaintiff retains a right to attorney's fees and costs in the context of his partition action. Plaintiff is ordered to submit any further evidence regarding fees and costs no later than the date on which he submits the additional evidence referenced above. A monetary sum of fees and costs will be detailed in this court's final judgment and that amount may be deducted from whatever share defendant retains in the parties' real property.

Dated this 4th day of September, 2014.

_____
Mary Miles Teachout
Superior Court Judge