*Morse v. O'Grady*, 134-3-17 Wncv (Teachout, J., Apr. 13, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 134-3-17 Wncv** |

**BARBARA MORSE, et al.**
    **Plaintiffs**

    **v.**

**THOMAS E. O'GRADY**
    **Defendant**

### Rulings on Pending Motions
### and
### DECISION:  Objections to the Commissioners' Report

Plaintiffs Barbara Morse, George O'Grady, and Kathleen Bradley and Defendant Thomas O'Grady are siblings who came to own Turkey Hill Farm, the farmhouse and surrounding property where they grew up, as tenants in common upon the death of their mother, who had retained a life estate in the property.  The parties were unable to amicably resolve their disparate interests in the property and Plaintiffs eventually filed this partition action.  Commissioners were appointed, and an order of reference was issued on July 17, 2017.  12 V.S.A. § 5169; V.R.C.P. 53(b).  The Commissioners' Report was returned on February 16, 2018.  All parties have filed objections to the report.  Plaintiffs are presented by L. Brooke Dingledine, Esq.  Mr. Thomas O'Grady is *pro se*.

The Vermont Supreme Court has described the court's role upon the return of a partition report by commissioners as follows.

> As we have previously noted, V.R.C.P. 53 establishes the procedure to be followed once the court has appointed commissioners to help effect a partition.  Furthermore, the order of reference controls the proceedings before the commissioners.  Once a report is made to the superior court pursuant to V.R.C.P. 53 and the order of reference, the superior court reviews findings made in the report in the capacity of an appellate court.  In aid of this review, V.R.C.P. 53(e)(1) requires that the report be accompanied by the evidence relied upon, including a transcript of the proceedings and any exhibits.  Thus, as a threshold matter, the court merely must determine whether the report's findings were clearly erroneous.  If it determines that they are its options are somewhat broader than a traditional appellate court.  It may "modify [the report] or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

*Lindquist v. Adams*, 174 Vt. 179, 182 (2002) (citations omitted).

According to their Report, the Commissioners conducted a hearing on January 3, 2018 at which they heard testimony and presumably received other evidence. There is no way to reliably know the content of the testimony or what other evidence may have been because no record of the hearing evidently was made and no exhibits that may have been presented accompanied the Report.[1]

In the Report, the Commissioners arrived at valuations for different portions of the otherwise undivided property with little explanation. They noted that both Kathleen Bradley and Thomas O'Grady wanted an assignment of the same 7-acre portion. They gave it to Ms. Bradley without explanation. Even though they calculated that it was worth substantially less than her one-quarter share, they gave her no right to the proceeds of the sale of the remainder and made her responsible for one-quarter of all costs of administration. They held without explanation that the property could not be subdivided further without unreasonably diminishing the value of the totality. They then ordered without explanation that Plaintiffs Morse and Bradley must be compensated $34,518.58 for having maintained the property up to that point. Thomas O'Grady has maintained that these funds came from their mother's IRA and should not be compensable. Otherwise, they ordered the property sold, after conveying the 7-acre parcel to Ms. Bradly, with the three other siblings splitting the proceeds equally and all siblings sharing expenses equally.

Ms. Bradley does not object to receiving an apparently less than an equal share of the value of the property. She does object to paying additional administrative costs once the 7-acre parcel is subdivided and conveyed to her. Ms. Morse and George O'Grady appear to join in Ms. Bradley's objection, and otherwise do not object to the Report.[2]

Thomas O'Grady objects to the Report for numerous reasons, including at least the following: (1) there is no explanation for not assigning some of the property to him, even if not the 7-acre parcel; (2) there is no explanation for assigning the 7-acre parcel to Ms. Bradley rather than him; (3) the Report appears to suggest that listers were involved in the case but they were not; (4) the Northfield Land Schedule suggests that further subdivision of the property would increase its total value; (5) there were "mixed up" calculations of the value of the house and 47-acres parcel; (6) the Report ignored evidence of a ready buyer willing to pay a much higher amount than the Commissioners' calculations and Plaintiffs' earlier attempt to sell the property at a much higher valuation; (7) the Report improperly requires compensation to Ms. Morse and Ms. Bradley for administrative expenses actually paid with their mother's funds; (8) those expenses include some for inappropriately attempting to sell the property prior to this lawsuit; (9) the plaintiffs and their counsel refused to cooperate with basic discovery requests; (10) the Report does not reflect any evaluation of Thomas O'Grady's contributions to the property; (11) one of the commissioners, an attorney, exhibited express bias toward Mr. O'Grady, calling him a

---

[1] The only exhibits accompanying the Report are the Commissioners' invoices.

[2] Ms. Bradley raises the issue of shared expenses as a point of "clarification" rather than objection. However, the Report is not ambiguous on this issue. There is nothing to clarify. She is raising an objection to the Report. Further, her objection reveals an apparent conflict of interests between her and the other plaintiffs, all of whom are represented by the same attorney. See Vt. R. Prof. Cond. 1.7(a)(1).

"fool";[3] and (12) the value assigned to the 7-acre parcel is not an approximation of fair market value.

The court is unable to fairly evaluate the Report and the parties' objections for two overarching reasons. There is no transcript of the hearing or evidentiary record of any kind that could permit the court to determine whether the Commissioners' findings are erroneous or supported by the evidence. See *Lindquist*, 174 Vt. at 183 ("given the complete lack of a record in this case, the court should have conducted a de novo hearing"). Additionally, the available findings are conclusory and wholly inadequate to support the outcome in the Report and the Commissioners' reasoning is simply unclear. See *Weyerhaeuser Co. v. Town of Hancock*, 151 Vt. 279, 287 (1989) ("The Board must explain its reasoning with sufficient clarity and particularity to enable this Court to review the findings and conclusions fairly and thoroughly."). There is no apparent evaluation of equitable considerations, and the findings are so summary that the court cannot understand how the Commissioners (1) arrived at the valuations, (2) determined to assign the 7-acre parcel to Ms. Bradley and no land to Thomas O'Grady, and (3) concluded that historical administrative costs should be reimbursed.

The court vacates the Report in whole and declines to recommit the matter to the Commissioners. The court will conduct a status conference prior to a *de novo* hearing. The issue of the reasonableness of the Commissioners' fees will also be addressed at the status conference.

ORDER

For the foregoing reasons,
1. The Commissioner's Report is vacated. This case will be set for a status conference for pretrial planning and to address the issue of Commissioners' fees.
2. Thomas O'Grady's Motion for Extension of Time for Objections (MPR 2) is *granted.* All objections were considered.
3. Plaintiffs' Request for Clarification (MPR 3) is *moot* based on the Decision above.
4. Plaintiffs' Motion for Additional Expenses to be Reimbursed (MPR 4) is *moot* based on the Decision above.

Dated at Montpelier, Vermont this _____ day of April 2018.

_____
Mary Miles Teachout
Superior Judge

---

[3] According to Thomas O'Grady, that attorney–commissioner was the former counsel for Plaintiffs (apparently in negotiations among the parties related to the property at issue in this case) and a close friend of Ms. Morse's husband. Mr. O'Grady was aware of these circumstances prior to the appointment of the commissioners and did not object to his appointment.